# Supreme Court of Florida

_____

No. SC13-1541
_____

**IN RE:  AMENDMENTS TO FLORIDA
RULE OF CRIMINAL PROCEDURE 3.220.**

[May 29, 2014]

PER CURIAM.

This matter is before the Court, on the Court's own motion, for

consideration of amendments to Florida Rule of Criminal Procedure 3.220

(Discovery).  See Fla. R. Jud. Admin. 2.140(d).  We have jurisdiction.  See art. V,

§ 2(a), Fla. Const.

The Florida Innocence Commission (Commission),[1] in its final report issued

on June 25, 2012, recommended that rule 3.220 be amended to include "informant

witnesses" in the category of witnesses that the prosecution must disclose to the

---

1. Following the filing of a "Petition for a Rule Establishing an Actual
Innocence Commission," then-Chief Justice Canady established the Florida
Innocence Commission by Administrative Order AOSC10-39 on July 2, 2010.
The Commission was "established to conduct a comprehensive study of the causes
of wrongful conviction and of measures to prevent such convictions."  The
Commission is no longer active.

defense, as well as to require the State to disclose certain material or information obtained from such witnesses. Florida Innocence Commission, <u>Final Report to the Supreme Court of Florida</u>, at 90-92, 166-67, and Appendix G (June 25, 2012) (<u>Final Report</u>).[2] The Court referred the matter to the Florida Supreme Court's Criminal Court Steering Committee (Steering Committee) for consideration. After the Steering Committee recommended that amendments to rule 3.220 were not needed, the Court, on its own motion, decided to consider amendments to rule 3.220 consistent with the Commission's proposals. The Court published the Commission's proposed amendments for comment. One comment was received from the Criminal Procedure Rules Committee (Rules Committee), which agreed with the Steering Committee that the amendments were unnecessary.

We disagree with the Steering Committee and the Rules Committee. We agree with the Commission that rule 3.220 should be amended to include more detailed disclosure requirements with respect to informant witnesses, because informant witnesses are not currently specifically treated under the rule and they constitute the basis for many wrongful convictions. <u>See</u> <u>Final Report</u>, at 66.

First, we amend rule 3.220(b)(1)(A)(i) to include a new type of witness that must be disclosed by the prosecution—i.e., informant witnesses, whether in

---

2. The Commission's <u>Final Report</u> may be accessed online at http://www.flcourts.org/core/fileparse.php/248/urlt/finalreport2012.rtf.

custody or not, who offer testimony concerning the statements of a defendant about the issues for which the defendant is being tried. We also add court commentary to rule 3.220 to clarify that new subdivision (b)(1)(A)(i)(8) is not intended to limit in any manner the discovery obligations otherwise provided for under the rule.

In addition, under new subdivision (b)(1)(M), the State must disclose whether it has "any material or information that has been provided by an informant witness" which includes the following five types of material or information:

(i) the substance of any statement allegedly made by the defendant about which the informant witness may testify;

(ii) a summary of the criminal history record of the informant witness;

(iii) the time and place under which the defendant's alleged statement was made;

(iv) whether the informant witness has received, or expects to receive, anything in exchange for his or her testimony;

(v) the informant witness' prior history of cooperation, in return for any benefit, as known to the prosecutor.

Finally, we add the following court commentary pertaining to new subdivision (b)(1)(M):

[T]he Florida Innocence Commission recognized the impossibility of listing in the body of the rule every possible permutation expressing a benefit by the state to the informant witness. Although the term "anything" is not defined in the rule, the following are examples of benefits that may be considered by the trial court in determining whether the state has complied with its discovery obligations. The term "anything" includes, but is not limited to, any deal, promise,

inducement, pay, leniency, immunity, personal advantage, vindication, or other benefit that the prosecution, or any person acting on behalf of the prosecution, has knowingly made or may make in the future.

Given the incidence of wrongful convictions involving "jailhouse informants" as stated by the Innocence Commission in its Final Report,[3] the amendments to rule 3.220 will provide for the disclosure of information specifically relating to informant witnesses. This information is readily available to the prosecution and will not be overly burdensome to disclose.

Accordingly, we amend rule 3.220 as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect at 12:01 a.m. on July 1, 2014.

It is so ordered.

---

3. In its Final Report, the Innocence Commission states in pertinent part as follows:

> According to the Innocence Project, an in-custody informant ("jailhouse informant") testified in over 15% of wrongful conviction cases later overturned through DNA testing. Of the exonerees released from death row, 45.9% were convicted, in part, due to false informant testimony. This makes fabricated testimony a leading cause of wrongful convictions in capital cases. Further studies have shown that informant perjury was a factor in nearly 50% of wrongful murder convictions.

Final Report, at 49.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Melanie L. Casper, Chair, Criminal Procedure Rules Committee, West Palm Beach, Florida; John F. Harkness, Jr., Executive Director, and Heather S. Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    Responding with comments

# APPENDIX

## RULE 3.220.  DISCOVERY

**(a)  [No changes]**

**(b) Prosecutor's Discovery Obligation.**

(1) Within 15 days after service of the Notice of Discovery, the prosecutor shall serve a written Discovery Exhibit which shall disclose to the defendant and permit the defendant to inspect, copy, test, and photograph the following information and material within the state's possession or control, except that any property or material that portrays sexual performance by a child or constitutes child pornography may not be copied, photographed, duplicated, or otherwise reproduced so long as the state attorney makes the property or material reasonably available to the defendant or the defendant's attorney:

(A) a list of the names and addresses of all persons known to the prosecutor to have information that may be relevant to any offense charged or any defense thereto, or to any similar fact evidence to be presented at trial under section 90.404(2), Florida Statutes. The names and addresses of persons listed shall be clearly designated in the following categories:

(i) Category A. These witnesses shall include (1) eye witnesses, (2) alibi witnesses and rebuttal to alibi witnesses, (3) witnesses who were present when a recorded or unrecorded statement was taken from or made by a defendant or codefendant, which shall be separately identified within this category, (4) investigating officers, (5) witnesses known by the prosecutor to have any material information that tends to negate the guilt of the defendant as to any offense charged, (6) child hearsay witnesses, ~~and~~ (7) expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify~~.~~, and (8) informant witnesses, whether in custody, who offer testimony concerning the statements of a defendant about the issues for which the defendant is being tried.

(ii)-(iii)  [No changes]

(B)-(L)  [No changes]

(M)  whether the state has any material or information that has been provided by an informant witness, including:

(i)  the substance of any statement allegedly made by the defendant about which the informant witness may testify;

(ii)  a summary of the criminal history record of the informant witness;

(iii)  the time and place under which the defendant's alleged statement was made;

(iv)  whether the informant witness has received, or expects to receive, anything in exchange for his or her testimony;

(v)  the informant witness' prior history of cooperation, in return for any benefit, as known to the prosecutor.

**(c)-(o)  [No changes]**


**Committee Notes**

**1968 Adoption – 1998 Amendment.  [No changes]**


**Court Commentary**

**2014 Amendment.**  The amendment to subdivision (b)(1)(A)(i)(8) is not intended to limit in any manner whatsoever the discovery obligations under the other provisions of the rule.  With respect to subdivision (b)(1)(M)(iv), the Florida Innocence Commission recognized the impossibility of listing in the body of the rule every possible permutation expressing a benefit by the state to the informant witness.  Although the term "anything" is not defined in the rule, the following are examples of benefits that may be considered by the trial court in determining whether the state has complied with its discovery obligations.  The term "anything" includes, but is not limited to, any deal, promise, inducement, pay, leniency, immunity, personal advantage, vindication, or other benefit that the prosecution, or any person acting on behalf of the prosecution, has knowingly made or may make in the future.

**1996 Amendment – 1999/2000 Amendment.  [No changes]**